**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01553-JLS-SK                                    Date: August 23, 2022
Title: Jason M. Paley v. Kimberly A. Knill et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                    Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DISMISSING PLAINTIFF'S ACTION FOR LACK OF JURISDICTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING (Doc. 1)**

Plaintiff has filed a Complaint for Temporary Restraining Order ("TRO"), Relief, and Damages. (Compl., Doc. 1.)  The Court sua sponte DISMISSES this action for lack of subject matter jurisdiction and DENIES the request for TRO as moot.

The Complaint fails to establish that this Court has jurisdiction.  The Court may raise the issue of subject matter jurisdiction at any time, *sua sponte. See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As the party invoking federal jurisdiction, the plaintiff has the burden of establishing subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  At the pleading stage, the burden must be met by pleading "a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(1)(1).

Subject matter jurisdiction exists when an action arises under federal law or when there is complete diversity between the parties and the matter in controversy exceeds $75,000.  *See* 28 U.S.C. § 1331-1332.  Diversity jurisdiction arises where the controversy is between "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01553-JLS-SK  Date: August 23, 2022
Title: Jason M. Paley v. Kimberly A. Knill et al

The Complaint does not assert federal claims, nor does it allege that the Parties are diverse and satisfy the amount in controversy requirement. (*See* Compl. at 19 (asserting federal jurisdiction because the claim is for "more than $20," Plaintiff is a private man "who is one of the people of the Republic of California" whose "'residency' is with the Creator alone," and Defendants are residents of California).)

What is more, it is evident this action is a disguised attempt to challenge his state court-ordered eviction. No matter the circumstances, this Court lacks jurisdiction to consider such claims. If the underlying state unlawful detainer action is still ongoing, the Court is "compelled to abstain from interference" under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Smith v. ReconTrust Co. N.A.*, 2013 WL 12120068, at *1 (C.D. Cal. Mar. 4, 2013) (Staton, J.). Under *Colorado River*, abstention is warranted when a state court "has exercised jurisdiction over a *res*," thereby giving the state court "exclusive jurisdiction" over the property in dispute. *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588-89 (9th Cir. 1992). Even if the unlawful detainer action has concluded, Plaintiff's action is nevertheless foreclosed by the *Rooker-Feldman* doctrine. *See, e.g.*, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Under *Rooker-Feldman*, federal courts have no jurisdiction over a suit that is "de facto appeal" of a state court decision. *See id.* (defining the doctrine). Since "the gravamen of plaintiff's complaint is a challenge to the state court judgment in the unlawful detainer action," it is barred by the *Rooker-Feldman* doctrine. *Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995).

Accordingly, the Complaint is DISMISSED without leave to amend and the request for TRO is DENIED as moot.

Initials of Deputy Clerk: vrv